UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>TRAVELERS CASUALTY AND<br>SURETY COMPANY,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cv-01036-LK<br><br>ORDER REQUESTING<br>SUPPLEMENTING BRIEFING |

　　　This matter comes before the Court on the Motion for Partial Summary Judgment by Plaintiff Argonaut Insurance Company, Dkt. No. 62; and the Cross-Motion for Partial Summary Judgment by Defendant Travelers Casualty and Surety Company, Dkt. No. 67. Among other things, both parties' arguments in support of summary judgment turn on the validity of a settlement agreement executed between Travelers and the University of Washington ("UW") to resolve Travelers' liability for a class of environmental property damage claims.

　　　For the reasons set forth below, the Court defers ruling on both parties' motions and orders supplemental briefing on the issue of whether UW is a required party under Rule 19.

ORDER REQUESTING SUPPLEMENTING BRIEFING - 1

## I. BACKGROUND

Argonaut is an Illinois corporation that issues commercial general liability policies. Dkt. No. 14 at 1, 3. Argonaut issued one such policy to UW, effective November 17, 1971 through November 17, 1972, which was then extended to July 1, 1973. *Id.* at 2. This is the only liability policy that Argonaut issued to UW during the 1959 to 1978 period. *Id.* Argonaut's policy has a limit of $1 million per occurrence. *Id.*

Defendant Travelers Casualty and Surety Company issued a series of commercial general liability policies to UW beginning in 1959 and continuing through 1978. *Id.* at 2–3. These policies covered the entire 1959 to 1978 time period, except for the 20-month period during which UW was insured under Argonaut's policy. *Id.* From 1959 until 1962, the per occurrence limits on the policies issued by Travelers was $500,000; this limit increased to $1 million per occurrence for the policies issued from 1959 to 1978. *Id.*

In 1996, the Washington State Department of Ecology ("Ecology") notified UW of its status as a potentially liable party under the Model Toxics Control Act ("MTCA"), Chapter 70A.305 of the Revised Code of Washington. Dkt. No. 64 at 197. The next year, Ecology and the University negotiated Agreed Order No. DE 97HW-S238, whereby UW agreed to accept its liability under MTCA and to investigate and remediate releases of hazardous substances to soil and groundwater on-campus and migrating off-campus. *Id.* at 191–217. Ecology and UW amended the Agreed Order in March 2013, *id.* at 219–37, and replaced it with Agreed Order DE 11081 in May 2016, *id.* at 239–70. Both Agreed Orders defined the cleanup area as a single "site" comprising multiple property parcels on UW's Tacoma campus; these parcels include several "areas of concern." *Id.* at 214, 245, 268.[1]

---

[1] Both Agreed Orders similarly define "areas of concern" as areas of the site where a release of hazardous substances and dangerous constituents (including dangerous waste) "has occurred, is occurring, is suspected to have occurred, or

Beginning in 1984, UW started notifying Travelers of its environmental property damage claims. Dkt. No. 70 at 2. In 1997, UW and Travelers began to explore a global settlement to resolve issues of potential insurance coverage of UW's existing and future environmental claims. *Id.* A settlement agreement (the "1999 Settlement Agreement") was finalized and executed in June 1999. *Id.* at 3, 42–61. It provided for an initial lump-sum payment under the relevant Travelers policies and the creation of a fund that would be used to pay for up to $5 million of UW's environmental claims without being subject to certain limitations under the policies. *Id.* at 47–50. In return, UW released Travelers from all environmental damage claims (as defined by the 1999 Settlement Agreement), while otherwise maintaining the policies in full force and effect for all other types of claims. *Id.* at 50.

Pursuant to the 1999 Settlement Agreement, UW tendered for payment invoices for the cleanup of various properties, including some of the areas of concern at its Tacoma site. *Id.* at 3. After UW exhausted the $5 million allocation to environmental damage claims under the 1999 Settlement Agreement, UW sent a letter to Argonaut on July 25, 2014 stating that it would be "looking to [its] other carriers," including Argonaut, "for satisfaction of the remaining and ongoing claims." Dkt. No. 64 at 169. As of the date of its Second Amended Complaint in this case, Argonaut avers that it has paid or agreed to pay approximately $9.5 million in claim expenses, inclusive of defense costs and the settlement amount, on behalf of UW in response to its claims, and continues to pay defense costs, while Travelers has not paid any claim expenses. Dkt. No. 14 at 5–6.

On July 26, 2022, Argonaut filed its original complaint, asserting claims of contribution, indemnity, and/or subrogation against Travelers and seeking monetary relief. Dkt. No. 1 at 6.

---

threatens to occur." *Id.* at 192, 242.

ORDER REQUESTING SUPPLEMENTING BRIEFING - 3

1    Argonaut amended its complaint as a matter of course on August 30, 2022, Dkt. No. 13, and

2    amended it again on September 7, 2022, modifying its cause of action to be one for equitable

3    contribution and/or equitable indemnity, Dkt. No. 14 at 6.[2] Specifically, Argonaut argues that

4    Travelers "wrongfully refuses to contribute to, or reimburse Argonaut for, defense and indemnity

5    claim expenses paid by Argonaut related to the UW Claims." Dkt. No. 14 at 6. Travelers asserted

6    counterclaims for declaratory judgment that the 1999 Settlement Agreement was reasonable and

7    for an order barring all contribution claims. Dkt. No. 15 at 9.

8    Argonaut filed its motion for partial summary judgment on October 4, 2024, Dkt. No. 62,

9    and Travelers filed its cross-motion on October 18, 2024, Dkt. No. 67.

## II.  DISCUSSION

Federal Rule of Civil Procedure 19 prescribes the process by which courts determine whether an absent party is required to be joined to ongoing litigation. The Court may raise this issue sua sponte. *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991).

Here, the parties dispute whether the 1999 Settlement Agreement with UW—an entity that has not been joined to this action—is valid. Specifically, Argonaut contends that "[b]ecause UW's environmental liabilities arose before Travelers and UW's [1999 Settlement Agreement], . . . their agreement violates RCW 48.18.320 and therefore is void as a matter of law." Dkt. No. 62 at 2; *see also* Dkt. No. 71 at 1 ("Argonaut seeks the Court's ruling that the [1999] Settlement Agreement violates Washington's anti-annulment statute, Chapter 48.18.320 Revised Code of Washington (RCW), which deems invalid any agreement between an insurer and insured to retroactively annul coverage."). Travelers defends the 1999 Settlement Agreement as an "arms length [agreement] between skilled practitioners [that] meets the requisite standards of reasonableness and protection

---

[2] The Court assumes that Travelers consented to this amendment since it answered this complaint. Fed. R. Civ. P. 15(a)(1)(B).

ORDER REQUESTING SUPPLEMENTING BRIEFING - 4

of non-settling parties." Dkt. No. 76 at 1. It also accuses Argonaut of "breaching its quasi-fiduciary duty to the University" by seeking "extraordinary" relief "without even joining its insured, whose settlement would be annulled, as a party to this case." *Id.* at 2. However, neither party addresses Rule 19.

Pursuant to Rule 19, an entity "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction" must be joined as a party to an action if: (1) "in that [entity]'s absence, the court cannot accord complete relief among existing parties"; or (2) "that [entity] claims an interest relating to the subject of the action and is so situated that disposing of the action in the [entity]'s absence may: (i) as a practical matter impair or impede the [entity]'s ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). "If [an entity] who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The Ninth Circuit has held that a "party to a contract is necessary . . . to litigation seeking to decimate that contract." *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150, 1157 (9th Cir. 2002); *see also N.D. ex rel. parents acting as guardians ad litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1109 (9th Cir. 2010) (same); *Iconlab, Inc. v. Bausch Health Companies, Inc.*, 828 F. App'x 363, 366 (9th Cir. 2020) (where adjudication of the merits could lead "the parties [to] be subject to inconsistent obligations—one under the district court's order and one under the contract"—a party is "quintessentially indispensable"). Not only does Argonaut seek a ruling that UW's Settlement Agreement is invalid, it also states that "UW's claim for insurance coverage against Argonaut is ongoing" and that UW and Argonaut "dispute the total value of indemnity coverage available to UW." Dkt. No. 62 at 5 n.2, 10, 13 n.6, 15–21; Dkt. No.

71 at 1–2, 4–6, 18 n.6, 22–23. The apparently disputed total value of indemnity coverage available to UW from Argonaut is central to Argonaut's arguments regarding the adequacy of the 1999 Settlement Agreement. Dkt. No. 71 at 24–25; *see also id.* at 23 (Argonaut asserting that the adequacy of the settlement is evaluated based in part on the non-settling insurer's "potential obligations" to the insured).[3] All of this suggests that UW has a substantial interest in this action that may be impaired in its absence. *See SPRAWLDEF v. City of Richmond*, No. 18-CV-03918-YGR, 2019 WL 2525100, at *5 (N.D. Cal. June 19, 2019) (absent party was necessary and indispensable where "granting the petition would void its settlement agreement with the City").

The Court accordingly requests that the parties provide supplemental briefing on whether (1) UW is a necessary party; (2) if so, whether it can be joined; and (3) if UW is a necessary party and cannot be joined, whether this action (or any part of it) can proceed under Rule 19(b).

### III. CONCLUSION

The Court ORDERS as follows:

1. Argonaut's supplemental brief of no more than 4,200 words is due September 8, 2025.
2. Travelers' response of no more than 4,200 words is due September 29, 2025.
3. Argonaut may file an optional reply brief of no more than 2,100 words on or before October 6, 2025.
4. The Clerk of the Court is directed to renote the pending motions for summary judgment, Dkt. Nos. 62, 67, for October 6, 2025.

Dated this 18th day of August, 2025.

Lauren King
United States District Judge

---

[3] In response to Argonaut's arguments and in support of its own motion for partial summary judgment, Travelers makes extensive representations about what UW understood and intended with respect to the 1999 Settlement Agreement. Dkt. No. 67 at 4–5 & n.4, 12, 15.